Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7239 | DATE | 2/19/2002 |
| CASE TITLE | APRIL D. GLENN vs. BEST BUY CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (24-1) for summary judgment is granted. Motion (32-1) to strike is denied. Motion (19-1) to compel is denied as moot.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 20 2002 | |
| ✓ | Docketing to mail notices. | date docketed | 34 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | 02 FEB 19 PM 5:26 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APRIL D. GLENN,

    Plaintiff,

v.

BEST BUY CO.,

    Defendant.

No. 00 C 7239
Judge James B. Zagel



FEB 2 0 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff April Glenn had been at odds with her employer Best Buy for the latter seven months of her approximately one-year tenure with Best Buy. From December 4, 1999, until December 21, 2000, Glenn was employed as a Customer Service Representative II. Her duties included processing customer purchases, returns, exchanges and credit applications and responding to customer requests for assistance. It is undisputed[1] – and well-documented by Best Buy – that Glenn was disciplined many times during that seven-month period from June to December. In at least six of these disciplinary actions, a written report was prepared for Glenn's review and signature. These disciplinary reports covered a range of behaviors, including Glenn's failure to follow the proper procedure for handling a customer's check, failure to comply with the dress code and improper handling of customers' complaints.

---

[1]     In her deposition, Glenn confirms that she behaved in the manner described in the reports, behavior that was reasonably the subject of disciplinary action in that it diverged from store policy. Where she does dispute the characterization by Best Buy of her behavior, her only disagreement seems to be why – not whether – she behaved in the cited manner.

00c7239msj

On July 26, 2000, Glenn applied to be promoted to one of two open positions of Customer Service Senior. A number of people, including Glenn, applied for and were interviewed for the positions. Glenn was not offered the position and, on August 13, 2000, the decision was made to promote two other women instead.

During this same seven-month period, Glenn complained that she was the victim of race discrimination and retaliation for her complaints of race discrimination.[2] On July 12, 2000, Glenn filed a discrimination claim with the Illinois Department of Human Rights and the EEOC (together, the "EEOC"), charging that she was subject to two disciplinary incidents in retaliation for a June 29, 2000 complaint to the regional manager about race discrimination.

Two more EEOC claims followed. On August 15, 2000, Glenn filed another claim with the EEOC, charging that she was retaliated against, in particular, that she was denied the July 26, 2000 promotion, for filing her July EEOC claim. On November 28, 2000, Glenn filed a third claim with the EEOC charging that Best Buy retaliated against her. In particular, Glenn alleged that she was threatened with discharge, her hours were reduced and she was denied a wage increase, for filing her July and August EEOC claims.

On November 16, 2000, Glenn filed this action, alleging race discrimination and retaliation for engaging in protected activity. Now before me is defendant Best Buy's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons

---

[2] While it is not clear that Glenn took formal action with the EEOC on the race discrimination claims as distinct from the retaliation claims, it is apparent from her deposition that Glenn is confused about the difference between the two and that she may consider each to be a factor in the events that took place.

set forth more fully below, I grant defendant's motion, finding that plaintiff has failed to establish a prima facie case of retaliation or race discrimination.

Retaliation Claim

To establish a prima facie case of retaliation, Glenn must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment decision and (3) there was a causal link between the adverse employment decisions and the protected activity. *Sweeney v. West*, 149 F.3d 550 (7th Cir. 1998).

It is undisputed that Glenn engaged in protected activity in complaining to superiors at Best Buy about racial discrimination and in filing her actions with the EEOC. The adverse employment decisions are also undisputed. During the seven-month period in question, Glenn applied for and did not receive a promotion, Glenn did not receive a raise, at one point her hours were reduced, she was threatened with discharge and, finally, she was terminated.

Where Glenn's retaliation claim fails is in showing causation. Reviewing the evidence presented,[3] and drawing all inferences in favor of Glenn as the non-movant, there is simply nothing that Glenn offers to suggest a causal relationship between the adverse employment actions and the protected activity. Glenn offers nothing besides her own opinion that Best Buy was acting in a retaliatory manner. Indeed, in Glenn's own deposition, she confirms that she was repeatedly disciplined by Best Buy for incidents that she admits occurred.[4]

---

[3] On February 5, 2002, Best Buy filed a motion to strike plaintiff's statement of material facts, however, I did review Glenn's statement in considering this motion. That motion is denied as moot.

[4] If Glenn were able to establish a prima facie case, then Best Buy offers Glenn's disciplinary record as a legitimate, non-discriminatory reason for taking the employment actions of which Glenn complains. *See Stewart v. Henderson*, 207 F.3d 374 (7th Cir. 2000). Again

Particularly with respect to the promotion claim, Glenn does not offer any evidence that she was as qualified or suited to the position as the employees who were promoted instead of Glenn. Nor does Glenn dispute Best Buy's evidence that Glenn was not as qualified or suited to the position of Customer Service Senior as the promoted employees. Further, on the termination charge, in addition to offering nothing to show causation, Glenn demonstrates that she broke any causal connection that might have existed by asking to be terminated.

Race Discrimination Claim

Although it is not clear that Glenn intends her race discrimination claim to be separate from her retaliation claim, based on the principle of giving a pro se plaintiff some latitude in pleading her claim, I will consider the race discrimination claim for the purposes of this summary judgment motion only. To establish a prima facie case of race discrimination, Glenn must show that (1) she belongs to a protected class, (2) she performed her job satisfactorily, (3) she suffered an adverse employment action and (4) her employer treated similarly situated employees outside of her classification more favorably. *Contreras v. Suncast Corp.*, 237 F.3d 756 (7th Cir. 2001).

Again, as above, elements one and three are undisputed. Where this claim fails is in an analysis of the second and fourth elements. With respect to the second element, as discussed above, Glenn acknowledges in her deposition testimony that she engaged in behavior that resulted in her being disciplined by Best Buy. Moreover, she does not refute any of Best Buy's evidence that she was treated no differently from others and offers nothing more than her subjective opinion that she was treated differently from others.

---

reading the record in the light most favorable to Glenn, she has not established that Best Buy's reason for its actions is pretextual. *See Walker V. Glickman*, 241 F.3d 884 (7th Cir. 2001).

Further, Glenn's promotion claim fails on the fourth element since Glenn fails to show that Best Buy treated similarly situated employees outside of her classification more favorably than Glenn was treated. For one, Glenn does not provide any evidence that she was as qualified as the other employees who were selected for the position. For another, Best Buy filled one of the Customer Service Senior positions with an African-American woman, that is, a member of the same protected class in which Glenn is a member.

For the foregoing reasons, defendant Best Buy's motion for summary judgment [24-1] is GRANTED and defendant's motion to strike plaintiff's statement of material facts [32-1] is DENIED as moot.

ENTER:

James B. Zagel
United States District Judge

DATE: 19 Feb 2001